UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JULIA FLANIK, | ) | CASE NO. 1:26 CV 240 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN ERIN MALDONADO, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Filed in this case is a Petition for a Writ of Under 28 U.S.C. § 2254 filed on behalf of Petitioner Julia Flanik, seeking to overturn Petitioner's July 2023 conviction in the Cuyahoga County Court of Common Pleas. (Doc. No. 1.)

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254, a federal district court is required to examine a habeas corpus petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the petition must be summarily dismissed. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

Upon review, the Court finds that the Petition must be dismissed. The Petition was signed and filed not by Petitioner, but by Petitioner's purported next friend, Dashon Harris. (Doc. No. 1 at 18.) Harris lacks standing to seek habeas corpus relief on Petitioner's behalf.

A petition for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242. "But 'next friend' status is more than mere semantics." *Brown by and through Dye v. City of Flint*, Case No. 1:25-cv-11948, 2025 WL 2300748, at *2 (E.D. Mich. July 10, 2025). "In order to act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is

unable to prosecute the case on [her] own behalf due to 'inaccessibility, mental incompetence, or other disability' and that the next friend is 'truly dedicated to the best interests of the person on whose behalf he seeks to litigate.'" *Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-4 (1990)).

In the Petition, Harris simply states that he is "the father of Petitioner's child . . . helping her file because she does not have much access to the law library in her institution." (Doc. No. 1 at 18.) This is insufficient to establish next friend status. *See, e.g., Drane v. Streck*, No. 3:24-cv-00202, 2024 WL 4227033, at *2 (S.D. Ohio  Sept.18, 2024) (stating that the fact that a petitioner is incarcerated with limited access to legal materials is insufficient to establish next friend status and finding that next friend status was not established by an argument that a petitioner "has no access to books, case laws [sic] and for sure has no education or knowledge dealing with the situation presented against her"); *see also Williamson v. Wakefield*, No. 3:23-cv-P339, 2023 WL 7399128, at *2 (W.D. Ky. Oct. 3, 2023) ("Cox's main argument seems to be that Petitioner is inaccessible because he is incarcerated and 'has restricted access to legal documents.'  However, the fact of incarceration itself is insufficient to show that a petitioner is inaccessible."); *Washington v. Neil*, No. 1:18-cv-00589, 2019 WL 4743666, at *2 (S.D. Ohio Sept. 30, 2019) (lack of legal knowledge insufficient to establish next friend standing) (citing *Pinkston v. Smith*, No. 3:15-cv-786, 2015 WL 7289501, at *2 (S.D. Miss. Nov. 17, 2015) (allegations by petitioner's brother that petitioner was blocked from law library and had his papers stolen insufficient to establish next friend standing)).

**Conclusion**

In that Harris has not satisfied the requisite showing to establish "next friend" status to file a habeas corpus petition on Petitioner's behalf, the Petition in this case is dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases.  This dismissal is without prejudice to Petitioner's filing a petition in another case on her own behalf.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

/s/ John R. Adams

JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED:  May 26, 2026